IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

PAUL A. SHIELDS,

    Plaintiff,                          No. CIV S-11-3185 GGH P

    vs.

KELLY L. CANNON, et al.,

    Defendants.

_____/        <u>ORDER</u>

        Plaintiff is a state prisoner currently housed at Deuel Vocational Institution who proceeds pro se on his complaint for relief under 42 U.S.C. § 1983. Defendants have moved to dismiss the complaint (Doc. No. 13), and on April 17, 2012, plaintiff filed the following four pleadings:

        (1) An opposition to the motion to dismiss (Doc. No. 20);

        (2) A Notice of Change of Address to Deuel Vocational Institution (Doc. No. 17);

        (3) A Letter requesting that the Clerk make copies and serve parties, as plaintiff is unable to have any more copies made (Doc. No. 19); and

        (4) A "Court Order Request to Use Law Library." (Doc. No. 18).

        Plaintiff's motion for an order requesting use of the law library reads, in its entirety:

1

1  Plaintiff, Paul A. Shields requests a court order to use the law library here at Deuel Vocational Institution. I been trying to research legal material to respond to the defendant's motion to dismiss my complaint. I am being denied the use of the law library for an unknown reason. I am also forced to go through extreme measures to even get copies. (see attached documents and letters.

Doc. No. 19 at 1.

There are no attachments to the request.

"Protective Orders"

The court construes plaintiff's motion for injunctive relief as a motion for a protective order. Clearly, plaintiff's motion does not seek dispositive relief on the merits of the complaint. The motion is instead addressed to procedures that the parties must utilize in litigating this case. See United States v. Flaherty, 668 F.2d 566, 586 (1st Cir. 1981): "A pretrial matter within the magistrate's jurisdiction would thus seem to be a matter unconnected to issues litigated at trial and not defined with respect to the time of trial." Neither does the ruling herein involve injunctive relief.

As in nearly all rulings of magistrate judges pursuant to 28 U.S.C. § 636(b)(1)(A), parties are told to do something or not do something. For example, in typical discovery motions, parties are compelled to answer interrogatories, answer a question or produce a document despite a claim of privilege, attend a deposition at a certain tine or place, be compelled to undergo a medical examination, pay costs associated with discovery in a cost-shifting sense. No one would think of asserting that such non-dispositive orders are invalid because they command or disallow a certain activity. Therefore, the fact that parties are directed in their activities by a magistrate judge cannot, without more, transform the matter at hand into an "injunctive" relief situation governed by § 636(b)(1)(B). See e.g., Grimes v. City and County of San Francisco, 951 F.2d 236 (9th Cir. 1991) (magistrate judge may compel a party to pay prospective sanctions of $500.00 per day during period for non-compliance with discovery orders); Rockwell Int. Inc. v. Pos-A-Traction Indus., 712 F.2d 1324, 1325 (9th Cir. 1983) (magistrate judge had jurisdiction to order witnesses to answer questions); United States v. Bogard, 846 F.,2d 563, 567 (9th Cir. 1988)

superseded by rule on unrelated matter, Simpson v. Lear Astronics Corp., 77 F.3d 1170, 1174 (9th Cir. 1996) (magistrate judge may deny requests to see jury selection materials); New York v. United States Metals Roofing Co., 771 F.2d 796 (3rd Cir. 1985) (magistrate judge may prevent a party from releasing discovery information to the public; specifically held not to be an injunction beyond the authority of a magistrate judge); Affelt v. Carr, 628 F. Supp. 1097, 1101 (N.D. Oh. 1985) (issuance of gag orders and disqualification of counsel are duties permitted to a magistrate judge.). It is only where the relief sought goes to the merits of plaintiff's actions or to complete stays of an action are orders under § 636(b)(1)((A) precluded. See e.g. Reynaga v. Camisa, 971 F.2d 414 (9th Cir. 1992); compare United States Metals etc., 771 F.2d at 801 (orders which restrain or direct the conduct of the parties are not to be characterized as an appealable injunction beyond the authority of the magistrate judge unless the restraint goes to the merits of the action). In other words, a motion for injunctive relief must relate to the allegations in the complaint. If there is no relation, it is not an injunctive relief situation. A party seeking preliminary injunctive relief "must necessarily establish a relationship between the injury claimed in the party's motion and the conduct asserted in the complaint." Devose v. Herrington, 42 F.3d 470, 471 (8th Cir.1994). In other words, plaintiff must seek injunctive relief related to the merits of his underlying claim.

        Moreover, the rule that governs interlocutory injunctions, Fed. R. Civ. P. 65, also indicates that the matters at issue have to be encompassed by the complaint, e.g., provision which allows the hearing on preliminary injunction to be accelerated into a trial on the merits, preserving the right to jury trial if otherwise appropriate, making evidence received at the hearing on preliminary injunction admissible at trial. None of the provisions would make sense if disputes outside the complaint, and on which no trial by definition will be had, could be considered as proceedings for injunctions. In addition, the standards for granting injunctions are much different than the standards applicable to protective orders. Applying established standards on the need to grant an injunction only in extraordinary circumstances, absence of legal remedy,

balance of hardships, irreparable harm, and so forth are foreign to resolution of discovery and other procedural disputes which crop up in the course of a litigation.

For the reasons discussed above, this matter may be handled by court order.

Analysis

Plaintiff asks this court to issue an order allowing him to use the law library. He argues that he has been trying to conduct research in connection with preparing his opposition to the motion to dismiss, but that he is being denied use for an unknown reason and that he is having difficulty getting copies.

Prisoners have a constitutional right of access to the courts. See, e.g., Lewis v. Casey, 518 U.S. 343, 346, 116 S. Ct. 2174 (1996). This right, however, "guarantees no particular methodology but rather the conferral of a capability – the capability of bringing contemplated challenges to sentences or conditions of confinement before the courts....[It is this capability] rather than the capability of turning pages in a law library, that is the touchstone" of the right of access to the courts. Lewis, 518 U.S. at 356-57.

In order to establish a violation of a right of access to the courts, a prisoner must establish that he or she has suffered an actual injury. Lewis, 518 U.S. at 349. An "actual injury" is "actual prejudice with respect to contemplated or existing litigation, such as the inability to meet a filing deadline or to present a claim." Lewis, 518 U.S. at 348.

In this case, plaintiff's sparse allegations provide the court with little information about the denial of access, or any injury that plaintiff may have suffered. The one injury plaintiff seems to allege – that he has experienced difficulty in preparing an opposition to the motion to dismiss – is not an actual injury, as plaintiff filed the opposition on April 17, 2012.[1]  There is nothing in the motion to indicate that plaintiff was unable to meet a deadline or to present a claim, or suffered any other actual prejudice.

---

[1] The opposition includes a four page memorandum of points and authorities, which includes citations to federal law and to the California Penal Code.

4

1  Accordingly, IT IS ORDERED that plaintiff's "Court Order Request to Use Law
2  Library" (Doc. No. 18) is denied.
3  DATED: May 7, 2012

/s/ Gregory G. Hollows
UNITED STATES MAGISTRATE JUDGE

ggh:rb
shie3185.protord