IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

PAUL ANDREW SHIELDS,

    Plaintiff,　　　　　　　　　　No. 2:11-cv-3185 JAM AC P

  vs.

KELLY L. CANNON, et al.

    Defendants.　　　　　　　　　FINDINGS & RECOMMENDATIONS

_____/

        Plaintiff is a state prisoner proceeding pro se and in forma pauperis on a complaint filed pursuant to 42 U.S.C. § 1983.  Petitioner alleges that he was denied medical treatment while housed at Sacramento County Jail, in violation of the Eighth Amendment.  He also alleges that he was denied diabetic snacks in violation of the Eighth and First Amendments. Defendants have moved to dismiss the complaint for failure to state a claim, and plaintiff has opposed the motion.  For the reasons outlined below, the undersigned recommends that the court grant the motion to dismiss, and provide plaintiff with leave to amend Count Two.

        *Background*

        Count One

        Plaintiff alleges that he was not provided with his prescribed evening diabetic

1

snack on numerous occasions while he was housed as a pre-trial detainee at Sacramento County Jail in 2010 and 2011.  See Doc. No. 1 at 4-5; see also Doc. No. 13-2 at 6.[1]  Plaintiff additionally and more specifically alleges that defendant Mullin failed to give him his diabetic snack on June 21, 2011 "out of revenge for lodging a complaint against him."  See Doc. No. 1 at 6.

Plaintiff alleges that he sought relief by filing a petition for writ of habeas corpus with the state Superior Court on June 27, 2011.  See Doc. No. 1 at 5.  In his state court petition, plaintiff alleged that he had been denied his prescribed diabetic snacks on various dates in 2010 and 2011, and also alleges that on June 19, 2011, defendant Mullin failed to give him his snack because plaintiff had filed a grievance against him.  See Doc. No. 13-2 at 7-10.  He alleges that, on October 6, 2011, the Superior Court scheduled an evidentiary hearing for October 28, 2011, and on October 18, 2011, the Sacramento County Sheriff medical personnel "changed the policy and started to pass out diabetic snacks themself [sic]."  Id.; see also Doc. No. 13-2 at 14.

On November 2, 2011, the Superior Court issued an order granting plaintiff's oral request that the state court habeas petition be dismissed.  See Doc. No. 13-2 at 14-15.  The Superior Court's order reads that "[a]t the evidentiary hearing, Respondent provided the Court and Petitioner with a copy of Policy # 1437a effective October 21, 2010 [sic] to describe the procedure for administering and providing a bedtime and/or diabetic snack.  Thereafter, Petitioner, who was represented by appointed counsel, orally requested that his petition be dismissed."  See Doc. No. 13-2 at 14-15.

According to the plaintiff,

> [t]he new policy is welcome and seems to be working, but it won't undo the damages to my eyes, legs, and feets.  Therefore, I am filing a 42 U.S.C. § 1983 civil rights complaint.  This problem has existed from December 31th, 2010 through June 19th, 2011.  This plaintiff gave authorities notification of the challenged condition, but the administration

---

[1] Defendants' motion to dismiss includes a request that the court take judicial notice of: (1) plaintiff's state court habeas petition, filed on June 27, 2011; and (2) the Superior Court's November 2, 2011 order dismissing plaintiff's state court habeas petition.  Plaintiff has not opposed defendants' request.  Defendants' request is granted.  See Fed. R. Evid. 201(b).

2

>fail to take remedial action before this plaintiff suffered injuries that's shown [supra].

Doc. No. 1 at 5.

### Count Two

Plaintiff alleges that he has been an inmate at Sacramento County Jail since January 20, 2009. See Doc. No. 1 at 8. He alleges that, on that date, he did an "in-take interview" with medical staff and advised them that he suffered from: diabetes, hypertension, end stage cirrhosis of the liver (stage 4 fibrous), and hepatitis C. Id. at 8-9. According to plaintiff, he has received treatment for his diabetes, hypertension, and mental issues, but not for his cirrhosis or hepatitis. Id. at 9.

Plaintiff further alleges that an unnamed doctor lied to plaintiff about his test results, and that, in June 2011, plaintiff was prescribed a laxative even though plaintiff already had diarrhea. See Doc. No. 1 at 9.

Plaintiff further alleges that defendant Cannon was cruel and malicious, and violated his Eighth Amendment rights, when she responded to his grievance seeking treatment with an outside carrier. Cannon allegedly advised plaintiff that he would be required, among other things, to find a doctor in the community to provide treatment, and to cover all costs (including medications and the salaries of deputies used in transport) prior to any medical appointment. See Doc. No. 1 at 10. Plaintiff alleges that defendant Cannon had previously informed him in response to a prior grievance that "correctional health does not treat hepatitis ©..." See Doc. No. 1 at 9.

Plaintiff alleges that defendant Maness has failed to respond to his appeals of grievances, and that defendant Maness, as facility commander, has failed to implement policies and procedures which would allow treatment for inmates suffering from hepatitis C and cirrhosis. See Doc. No. 1 at 10.

*The Motion to Dismiss*

3

1  Defendants move to dismiss the complaint, alleging that plaintiff has failed to
2 state a claim upon which relief can be granted.  See Fed. R. Civ. P. 12(b)(6).  Defendants argue
3 that the claims raised in Count One regarding the denial of plaintiff's diabetic biscuits are barred
4 by res judicata, because plaintiff previously litigated his identical claims in state court and
5 voluntarily dismissed the action.  See Doc. No. 13-1 at 5-6.

6  Defendants additionally argue that plaintiff has failed to articulate a colorable
7 retaliation claim against defendant Mullin, because: (1) plaintiff failed to exhaust his
8 administrative remedies regarding the June 21, 2011 deprivation; and (2) plaintiff's exercise of
9 his First Amendment rights were not chilled by defendant Mullin's purported denial.  See Doc.
10 No. 13-1 at 10.  Although plaintiff alleged in his state court petition that defendant Mullin denied
11 plaintiff's biscuit out of revenge on June 19, 2011, defendants do not address whether any
12 potential retaliation claim would be barred by res judicata.  See Doc. No. 13-2 at 10.

13  As to Count Two, defendants argue that plaintiff has failed to state a claim for
14 violation of his Eighth Amendment rights, because plaintiff's factual allegations fail to establish:
15 (1) that plaintiff suffered from hepatitis C and cirrhosis; (2) that defendants Maness and Cannon
16 were aware of plaintiff's purported conditions; or (3) that such conditions constituted a serious
17 medical need.  See Doc. No. 13-1 at 9 (plaintiff's allegation that defendants treated his cirrhosis
18 with a laxative "fails to capture the essence of deliberate indifference.")

19  Defendants further argue that any claim of supervisory liability against defendant
20 Maness fails, because (1) defendant Maness's failure to respond to grievance appeals does not
21 rise to the level of a constitutional violation; and (2) plaintiff fails to attribute to defendant
22 Maness a policy which is alleged to have caused plaintiff's injuries.  See Doc. No. 13-1 at 12.

23  Defendants also argue that plaintiff's claims regarding his medical treatment
24 which arose before December 1, 2009 are barred by the two-year statute of limitations.  See Doc.
25 No. 13-1 at 12-13.

26  Plaintiff opposes the motion to dismiss.  He argues that the claims he presented to

4

1  the state court are not barred by res judicata, because he seeks damages in this court, something
2  he was not permitted to do on his habeas application.  See Doc. No. 20 at 2.
3        As to the supervisory liability claims, plaintiff alleges that defendant Maness,
4  among others, failed to follow Policy Number 1437a, which plaintiff states had been in place for
5  a year before plaintiff filed his habeas petition.  See Doc. No. 20 at 4.  Plaintiff further argues
6  that his Eighth Amendment claims regarding the treatment of hepatitis C and cirrhosis are not
7  time-barred, because his statute of limitations did not begin to run until he became aware of his
8  injuries in March 2011.  See id. at 6.
9        Plaintiff agrees that his retaliation claim against defendant Mullin should be
10 dismissed.  See Doc. No. 20 at 4.

*Analysis*

12       In considering a motion to dismiss, the court must accept as true the allegations of
13 the complaint in question.  See Hospital Bldg. Co. v. Trustees of Rex Hosp., 425 U.S. 738, 740
14 (1976).  The court must also construe the pleading in the light most favorable to the party
15 opposing the motion and resolve all doubts in the pleader's favor.  See Jenkins v. McKeithen,
16 395 U.S. 411, 421 (1969).  A motion to dismiss for failure to state a claim should not be granted
17 unless it appears beyond doubt that plaintiff can prove no set of facts in support of the claim that
18 would entitle the plaintiff to relief.  See Hishon v. King & Spalding, 467 U.S. 69, 73 (1984);
19 Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981).

Count One

21       Plaintiff's claims involving the provision of diabetic biscuits are barred because
22 he previously litigated these claims in his state court habeas petition.  Res judicata and collateral
23 estoppel are related doctrines designed to limit a litigant's ability to relitigate matters.  Under the
24 doctrine of res judicata (also known as the claim preclusion doctrine),

> a final judgment on the merits of an action precludes the parties or their
> privies from relitigating issues that were or could have been raised in that
> action....Under collateral estoppel [also known as the issue preclusion

5

> doctrine], once a court has decided an issue of fact or law necessary to its judgment, that decision may preclude relitigation of the issue in a suit on a difference cause of action involving a party to the first case.

Allen v. McCurry, 449 U.S. 90, 94 (1980).

The Federal Full Faith and Credit Statute, 28 U.S.C. § 1738, requires that a federal court give to a state court judgment the same preclusive effect as would be given that judgment under the law of the state in which the judgment was rendered. See Migra v. Warren City School Dist. Bd. of Educ., 465 U.S. 75, 81 (1984). In California, a final judgment in state court "'precludes further proceedings if they are based on the same cause of action.'" Brodheim v. Cry, 584 F.3d 1262, 1268 (9th Cir. 2009), quoting Maldonado v. Harris, 370 F.3d 945, 951 (9th Cir. 2004). Under California's "primary rights theory," a "cause of action is (1) a primary right possessed by the plaintiff, (2) a corresponding primary duty devolving upon the defendants, and (3) a harm done by the defendant which consists in a breach of such primary right and duty.'" Brodheim, 584 F.3d at 1268 (citation omitted). If this cause of action test is satisfied, then the same primary right is at stake even if in the later suit the plaintiff pleads difference theories of recovery, seeks different forms of relief, and/or adds new facts supporting recovery. Id.

Under California law, for example, the unavailability of damages in a state habeas proceeding does not prevent the application of res judicata to a subsequent action seeking damages. See, e.g., City of Los Angeles v. Superior Court, 85 Cal.App.3d 143, 151 (Cal.Ct. App. 1978) ("[A] litigant cannot avoid the impact of the rule against splitting cases by choosing for his first foray a tribunal of limited jurisdiction."); Kronkright v. Gardner, 31 Cal.App.3d 214, 216 (Cal. Ct. App. 1973) (that plaintiff sought different relief in second action was irrelevant).

"[B]ecause of the nature of a state habeas proceeding, a decision actually rendered should preclude an identical issue from being relitigated in a subsequent § 1983 action if the state habeas court afforded a full and fair opportunity for the issue to be heard and

determined under federal standards." Silverton v. Dept. of the Treasury, 644 F.2d 1341, 1347 (9th Cir.), cert. denied, 454 U.S. 895 (1981). Where the federal court is considering the preclusive effect of a state court judgment under § 1738, "state proceedings need do no more than satisfy the minimum procedural requirements of the Fourteenth Amendment's Due Process Clause in order to qualify for the full faith and credit guaranteed by federal law." Kremer v. Chemical Constr. Corp., 456 U.S. 461, 481 (1982).

In this case, plaintiff has articulated a "cause of action" identical to that raised in his prior state case. Specifically, he seeks relief in connection with the failure of Sacramento County Jail staff to provide him with his prescribed diabetic biscuits between December 31, 2010 through June 19, 2011, which is precisely the same claim he raised before the Superior Court in his state habeas petition. Cf. Doc. No. 1 at 5:17-18 with Doc. No. 13-2 at 10. This identity satisfies California's "primary rights" test, as plaintiff alleges that defendants have harmed plaintiff by showing deliberate indifference to plaintiff's medical needs. Cf. Doc. No. 1 at 4 with Doc. No. 13-2 at 7-8.

The judgment entered by the state court was also a final adjudication on the merits, under California law. See Tudor Ranches, Inc. v. State Comp. Ins. Fund, 65 Cal.App.4th 1422, 1430 (1998) (dismissal which failed to specify whether it was with or without prejudice should be deemed to be with prejudice absent a contrary contention by plaintiff); Torrey Pines Bank v. Superior Court, 216 Cal.App.3d 813, 821-22 (1989) (litigant's voluntary dismissal of prior suit with prejudice operated as final judgment on the merits barring any future action on the same subject matter). See also Cal. Code Civ. Proc. Sec. 581(e) (after commencement of trial, court shall dismiss the complaint, with prejudice, if plaintiff requests a dismissal, unless all affected parties consent to dismissal without prejudice, or by order of court dismissing the action without prejudice upon a showing of good cause).

The state proceedings also offered plaintiff a full and fair opportunity for plaintiff's deliberate indifference claim to be heard and determined, meaning that the state

7

court's decision is entitled to full faith and credit under § 1738.  See Kremer v. Chemical Const. Corp., 456 U.S. at 481.  Petitioner does not challenge the sufficiency of the state court's procedures in adjudicating his habeas petition.  Review of the record reflects that the state court appointed counsel for plaintiff, ordered the state defendants to respond, and scheduled an evidentiary hearing.  See Doc. No. 13-2 at 14-15.  The record further reflects that, at the evidentiary hearing, plaintiff requested dismissal, and that the Superior Court granted plaintiff's request.  Id.  The state court's procedures were entirely sufficient under the Fourteenth Amendment.  Cf. Superintendent, Massachusetts Correctional Institution, Walpole v. Hill, 472 U.S. 445, 454 (1985).

The only difference plaintiff identifies between his earlier state court action and the current complaint is that he now seeks damages.  See Doc. No. 1 at 4; Doc. No. 20 at 2.  Under California law, however, this alteration in his requested relief is insufficient to prevent the application of res judicata.  See City of Los Angeles v. Superior Court, 85 Cal.App.3d at 151.  Plaintiff's Eighth Amendment claims concerning the provision of his diabetic biscuits therefore should be dismissed.

Plaintiff's First Amendment claims against defendant Mullins should also be dismissed, as plaintiff has agreed to do so.  See Doc. No. 20 at 4.  Even had plaintiff not agreed, it appears that the claim would also be barred by res judicata as plaintiff had previously raised it in his state habeas petition.  See Doc. No. 13-2 at 10.

Accordingly, the undersigned recommends that the court grant defendants' motion to dismiss as to Count One.  Since any amendment would be futile, in light of the res judicata bar, the dismissal of these claims should be without leave to amend.  See, e.g., California Architectural Bldg. Prod. v. Franciscan Ceramics, 818 F.2d 1466, 1472 (9th Cir. 1988) (reasons for denying leave to amend include futility).

Count Two

*Statute of Limitations*

1         The parties argue whether plaintiff's claims are barred by the statute of limitations, which the defendants assert is two years from the date of the injury. See Doc. No. 13-1 at 12, citing Cal. Code Civ. Proc § 335.1. Plaintiff does not dispute that the limitations period is two years, but argues that it did not begin to run until he became aware of his injuries in March 2011. See Doc. No. 20 at 6.

"Actions brought pursuant to 42 U.S.C. § 1983 are governed by the state statutes of limitations for personal injury actions." Morales v. City of Los Angeles, 214 F.3d 1151, 1154 (9th Cir. 2000), citing Wilson v. Garcia, 471 U.S. 261, 275 (1985); Fink v. Shedler, 192 F.3d 911, 914 (9th Cir.1999), cert. denied, 529 U.S. 1117 (2000). In California, there is a two-year statute of limitations in § 1983 cases. See Cal. Civ. Proc. Code § 335.1; Maldonado v. Harris, 370 F.3d 945, 954 (9th Cir. 2004); Jones v. Blanas, 393 F.3d 918, 927 (9th Cir. 2004)("[f]or actions under 42 U.S.C. § 1983, courts apply the forum state's statute of limitations for personal injury actions.").

Plaintiff may be entitled to tolling of the statute of limitations if, at the time the cause of action accrued, he was imprisoned on a criminal charge, or in execution under the sentence of a criminal court for a term not less than life. See Cal. Code Civ. Proc. § 352.1.

The current record does not reflect the length of plaintiff's sentence, although a review of the state habeas petition reflects that plaintiff was awaiting trial at the time he filed that petition. See Doc. No. 13-2 at 6. Because neither party addresses the impact of the state's tolling provision on the accrual of plaintiff's claim, the undersigned cannot determine whether plaintiff's claims are untimely. Defendants' motion to dismiss Count Two as barred by the statute of limitations should be denied.

*Sufficiency of the Allegations*

Although Count Two may be timely, as presently pled it is not colorable. A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The

9

court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

A complaint must contain more than a "formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient to "raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). "The pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." Id., quoting 5 C. Wright & A. Miller, Federal Practice and Procedure 1216, pp. 235-235 (3d ed. 2004). "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

<u>Affirmative Action or Omission by Defendant</u>

The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See,

10

e.g., Starr v. Baca, 652 F.3d 1202, 1205-06 (9th Cir. 2011). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

### Supervisory Liability

Supervisory personnel are generally not liable under § 1983 for the actions of their employees under a theory of respondeat superior. Therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978), cert. denied, 442 U.S. 941 (1979). Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

The Ninth Circuit has held that a supervisor may be liable

> if there exists either (1) his or her personal involvement in the constitutional deprivation, or (2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violations. Supervisory liability exists even without overt personal participation in the offensive act if supervisory officials implement a policy so deficient that the policy "itself is a repudiation of constitutional rights" and is "the moving force of the constitutional violation." (internal citations and quotations omitted).

Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989).

The Ninth Circuit has recently clarified the parameters of supervisor liability in the wake of Ashcroft v. Iqbal, 556 U.S. 662 (2009) and Starr v. Baca, 652 F.3d 1202 (9th Cir. 2011), cert. denied, __ U.S. __, 132 S.Ct. 2101 (2012):

> Iqbal makes crystal clear that constitutional tort claims against supervisory defendants turn on the requirements of the particular claim – and, more specifically, on the state of mind required by the particular claim – not on a generally applicable concept of supervisory liability....[B]ecause Eighth Amendment claims for cruel and unusual punishment generally require only deliberate indifference (not specific intent), a Sheriff is liable for

> prisoner abuse perpetrated by his subordinates if he knowingly turns a blind eye to the abuse. See [Starr v. Baca, 652 F.3d] at 1205. The Sheriff need not act with the purpose that the prisoner be abused. See id. at 1206-07 ("A showing that a supervisor acted, or failed to act, in a manner that was deliberately indifferent to an inmate's Eighth Amendment rights is sufficient to demonstrate the involvement – and the liability – of that supervisor.") Put simply, constitutional tort liability after Iqbal depends primarily on the requisite mental state for the violation alleged.

OSU Student Alliance v. Ray, 699 F.3d 1053, 1071 (9th Cir. 2012).

### Deliberate Indifference to Medical Needs

A review of the record reflects that plaintiff was a pre-trial detainee at Sacramento County Jail in 2010 and 2011. See Doc. No. 13-2 at 6. A review of the docket for plaintiff's state criminal case, No. 09-F-00482, of which this court may take judicial notice, reflects that an information was filed against plaintiff on January 15, 2009, and that he was ultimately convicted by a jury on January 31, 2012. See People v. Shields, Case No. 09-F-00482 (Sacramento Superior Court filed Jan. 15, 2009) (available at https://services.saccourt.ca.gov/indexsearchnew/CaseNumberList.aspx?SearchValues=SHIELDS,PAUL,ANDREW,4061464, last accessed on January 3, 2013).

Persons who have been arrested, but not convicted of a crime, derive their rights from the due process clause of the Fourteenth Amendment, rather than the Eighth Amendment's prohibition against cruel and unusual punishment. See Gibson v. County of Washoe, Nev., 290 F.3d 1175, 1187 (9th Cir. 2002), cert. denied, 537 U.S. 1106 (2003). With regard to medical needs, the due process clause imposes, at a minimum, the same duty that the Eighth Amendment imposes: persons in custody have the established right not to have officials remain deliberately indifference to their serious medical needs. Id.

In order to state a § 1983 claim for violation of the Eighth Amendment based on inadequate medical care, plaintiff must allege "acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." Estelle v. Gamble, 429 U.S. 97, 106 (1976). To prevail, plaintiff must show both that his medical needs were objectively serious, and that

defendants possessed a sufficiently culpable state of mind. Wilson v. Seiter, 501 U.S. 294, 299 (1991); McKinney v. Anderson, 959 F.2d 853, 854 (9th Cir. 1992) (on remand). The requisite state of mind for a medical claim is "deliberate indifference." Hudson v. McMillian, 503 U.S. 1, 4 (1992).

A serious medical need exists if the failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain. Indications that a prisoner has a serious need for medical treatment are the following: the existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain. See, e.g., Wood v. Housewright, 900 F.2d 1332, 1337-41 (9th Cir. 1990) (citing cases); Hunt v. Dental Dept., 865 F.2d 198, 200-01 (9th Cir. 1989). McGuckin v. Smith, 974 F.2d 1050, 1059-60 (9th Cir. 1992), overruled on other grounds, WMX Technologies v. Miller, 104 F.3d 1133 (9th Cir. 1997) (en banc).

In Farmer v. Brennan, 511 U.S. 825 (1994) the Supreme Court defined a very strict standard which a plaintiff must meet in order to establish "deliberate indifference." Negligence is insufficient. Farmer, 511 U.S. at 835. Even civil recklessness (failure to act in the face of an unjustifiably high risk of harm which is so obvious that it should be known) is insufficient. Id. at 836-37. Neither is it sufficient that a reasonable person would have known of the risk or that a defendant should have known of the risk. Id. at 842. Deliberate indifference is established only where the defendant subjectively "knows of and disregards an excessive risk to inmate health and safety." Toguchi v. Chung, 391 F.3d 1051, 1057 (9th Cir. 2004) (internal citation omitted)

Delay of treatment, without more, is also insufficient to establish deliberate indifference. See Shapley v. Nevada Bd. Of State Prison Com'rs, 766 F.2d 404, 407 (9th Cir. 1985). A plaintiff must establish that the denial or delay was harmful. Id. Also, requiring a prisoner to pay for medical treatment is not deliberate indifference if the requirement does not

13

interfere with getting the treatment. Id. at 408.  On the other hand, budgetary constraints do not justify cruel and unusual punishment. See Jones v. Johnson, 781 F.2d 769, 771 (9th Cir. 1986).

<u>Plaintiff Has Failed to Link Defendants with an Affirmative Duty to Act</u>

Plaintiff alleges denial of treatment or mistreatment by unnamed defendants, such as the doctor who lied to him about his condition and the nurse who gave him a laxative. See Doc. No. 1 at 9.  The claims against these unnamed defendants must be dismissed with leave to amend, as the court cannot proceed where there is no named defendant to serve or to respond.

Plaintiff additionally alleges that defendant Maness was aware of plaintiff's conditions, through the jail's grievance procedure, and that defendant Maness failed to implement policies and procedures to treat plaintiff's condition. See Doc. No. 1 at 10.  Plaintiff also alleges that defendant Manness failed to take action on plaintiff's grievance, and has failed to respond. Id.  These allegations may support colorable claims; however, plaintiff does not explain how it was defendant Maness's responsibility either to implement policies and procedures, or to respond to plaintiff's grievances.  Absent such information, the plaintiff has failed to state a colorable claim against defendant Maness.

Plaintiff's claims against defendant Cannon are also currently insufficient to support relief.  Plaintiff alleges that defendant Cannon advised plaintiff, in a grievance response, that the county did not treat hepatitis C, and that plaintiff would be required to cover the costs of an outside provider. See Doc. No. 1 at 9.  Denying plaintiff treatment, or requiring plaintiff to pay for treatment, may support a colorable claim; however, the court cannot determine if Cannon merely advised plaintiff of an existing policy, or if Cannon herself was responsible for the determination not to treat plaintiff and to charge him for outside coverage.  Moreover, plaintiff has not specified what "treatment" is at issue. See Doc. No. 20 at 35.  Absent information about the scope of defendant Cannon's responsibility and the nature of the treatment that was denied, the plaintiff has failed to state a colorable claim against defendant Cannon.

For all the reasons explained above, the complaint fails to link the named

14

defendants with any affirmative duty to act, and the claims against defendants Maness and Cannon accordingly are vague and conclusory.[2]  The undersigned therefore recommends that Count Two be dismissed, and that plaintiff be given leave to amend that portion of his complaint concerning his treatment, or non-treatment, for hepatitis and chirrosis.

Conclusion

The undersigned accordingly recommends that defendants' motion to dismiss be granted, and that plaintiff be granted leave to amend as specified above.

If the court grants leave to amend, and plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights.  See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  Also, the complaint must allege in specific terms how each named defendant is involved.  There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation.  Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d at 743.  Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient.  See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete.  Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading.  This is because, as a general rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case.  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

In accordance with the above, IT IS HEREBY RECOMMENDED that

---

[2] Plaintiff has not named any other responsible individuals in connection with deprivation of care for his cirrhosis or hepatitis.

1. Defendants' motion to dismiss, filed March 21, 2012 (Doc. No. 13), be granted; and

2. Plaintiff be granted leave to amend the complaint as to Count Two only, as described above, within twenty-eight (28) days of the filing date of any order adopting these findings and recommendations.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within twenty-eight (28) days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: January 11, 2013.

/s/ Allison Claire
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

AC:rb
shie3185.fr