IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

PAUL ANDREW SHIELDS,

             Plaintiff,                 No. 2:11-cv-3185 JAM AC P

      vs.

KELLY L. CANNON, et al.

             Defendants.             <u>FINDINGS & RECOMMENDATIONS</u>

_____/

        Plaintiff is a state prisoner proceeding pro se and in forma pauperis on a complaint filed pursuant to 42 U.S.C. § 1983. Petitioner alleges that he was denied medical treatment while housed at Sacramento County Jail, in violation of the Eighth Amendment. He also alleges that he was denied diabetic snacks in violation of the Eighth and First Amendments. Defendants have moved to dismiss the complaint for failure to state a claim, and plaintiff has opposed the motion. For the reasons outlined below, the undersigned recommends that the court grant the motion to dismiss, and provide plaintiff with leave to amend Count Two.

        *<u>Background</u>*

        <u>Count One</u>

        Plaintiff alleges that he was not provided with his prescribed evening diabetic

1

1   snack on numerous occasions while he was housed as a pre-trial detainee at Sacramento County

2   Jail in 2010 and 2011.  See Doc. No. 1 at 4-5; see also Doc. No. 13-2 at 6.[1]  Plaintiff additionally

3   and more specifically alleges that defendant Mullin failed to give him his diabetic snack on June

4   21, 2011 "out of revenge for lodging a complaint against him."  See Doc. No. 1 at 6.

5        Plaintiff alleges that he sought relief by filing a petition for writ of habeas corpus

6   with the state Superior Court on June 27, 2011.  See Doc. No. 1 at 5.  In his state court petition,

7   plaintiff alleged that he had been denied his prescribed diabetic snacks on various dates in 2010

8   and 2011, and also alleges that on June 19, 2011, defendant Mullin failed to give him his snack

9   because plaintiff had filed a grievance against him.  See Doc. No. 13-2 at 7-10.  He alleges that,

10  on October 6, 2011, the Superior Court scheduled an evidentiary hearing for October 28, 2011,

11  and on October 18, 2011, the Sacramento County Sheriff medical personnel "changed the policy

12  and started to pass out diabetic snacks themself [sic]."  Id.; see also Doc. No. 13-2 at 14.

13       On November 2, 2011, the Superior Court issued an order granting plaintiff's oral

14  request that the state court habeas petition be dismissed.  See Doc. No. 13-2 at 14-15.  The

15  Superior Court's order reads that "[a]t the evidentiary hearing, Respondent provided the Court

16  and Petitioner with a copy of Policy # 1437a effective October 21, 2010 [sic] to describe the

17  procedure for administering and providing a bedtime and/or diabetic snack.  Thereafter,

18  Petitioner, who was represented by appointed counsel, orally requested that his petition be

19  dismissed."  See Doc. No. 13-2 at 14-15.

20       According to the plaintiff,

21        [t]he new policy is welcome and seems to be working, but it won't undo
          the damages to my eyes, legs, and feets.  Therefore, I am filing a 42
22        U.S.C. § 1983 civil rights complaint.  This problem has existed from
          December 31th, 2010 through June 19th, 2011.  This plaintiff gave
23        authorities notification of the challenged condition, but the administration

24

25   [1] Defendants' motion to dismiss includes a request that the court take judicial notice of:
     (1) plaintiff's state court habeas petition, filed on June 27, 2011; and (2) the Superior Court's
     November 2, 2011 order dismissing plaintiff's state court habeas petition.  Plaintiff has not
26   opposed defendants' request.  Defendants' request is granted.  See Fed. R. Evid. 201(b).

fail to take remedial action before this plaintiff suffered injuries that's
shown [supra].

Doc. No. 1 at 5.

Count Two

Plaintiff alleges that he has been an inmate at Sacramento County Jail since
January 20, 2009.  See Doc. No. 1 at 8.  He alleges that, on that date, he did an "in-take
interview" with medical staff and advised them that he suffered from: diabetes, hypertension,
end stage cirrhosis of the liver (stage 4 fibrous), and hepatitis C.  Id. at 8-9.   According to
plaintiff, he has  received treatment for his diabetes, hypertension, and mental issues, but not for
his cirrhosis or hepatitis.  Id. at 9.

Plaintiff further alleges that an unnamed doctor lied to plaintiff about his test
results, and that, in June 2011, plaintiff was prescribed a laxative even though plaintiff already
had diarrhea.  See Doc. No. 1 at 9.

Plaintiff further alleges that defendant Cannon was cruel and malicious, and
violated his Eighth Amendment rights, when she responded to his grievance seeking treatment
with an outside carrier.  Cannon allegedly advised plaintiff that he would be required, among
other things, to find a doctor in the community to provide treatment, and to cover all costs
(including medications and the salaries of deputies used in transport) prior to any medical
appointment.  See Doc. No. 1 at 10.  Plaintiff alleges that defendant Cannon had previously
informed him in response to a prior grievance that "correctional health does not treat hepatitis
©..."  See Doc. No. 1 at 9.

Plaintiff alleges that defendant Maness has failed to respond to his appeals of
grievances, and that defendant Maness, as facility commander, has failed to implement policies
and procedures which would allow treatment for inmates suffering from hepatitis C and
cirrhosis.  See Doc. No. 1 at 10.

The Motion to Dismiss

3

1    Defendants move to dismiss the complaint, alleging that plaintiff has failed to

2    state a claim upon which relief can be granted.  See Fed. R. Civ. P. 12(b)(6).  Defendants argue

3    that the claims raised in Count One regarding the denial of plaintiff's diabetic biscuits are barred

4    by res judicata, because plaintiff previously litigated his identical claims in state court and

5    voluntarily dismissed the action.  See Doc. No. 13-1 at 5-6.

6    Defendants additionally argue that plaintiff has failed to articulate a colorable

7    retaliation claim against defendant Mullin, because: (1) plaintiff failed to exhaust his

8    administrative remedies regarding the June 21, 2011 deprivation; and (2) plaintiff's exercise of

9    his First Amendment rights were not chilled by defendant Mullin's purported denial.  See Doc.

10   No. 13-1 at 10.  Although plaintiff alleged in his state court petition that defendant Mullin denied

11   plaintiff's biscuit out of revenge on June 19, 2011, defendants do not address whether any

12   potential retaliation claim would be barred by res judicata.  See Doc. No. 13-2 at 10.

13   As to Count Two, defendants argue that plaintiff has failed to state a claim for

14   violation of his Eighth Amendment rights, because plaintiff's factual allegations fail to establish:

15   (1) that plaintiff suffered from hepatitis C and cirrhosis; (2) that defendants Maness and Cannon

16   were aware of plaintiff's purported conditions; or (3) that such conditions constituted a serious

17   medical need.  See Doc. No. 13-1 at 9 (plaintiff's allegation that defendants treated his cirrhosis

18   with a laxative "fails to capture the essence of deliberate indifference.")

19   Defendants further argue that any claim of supervisory liability against defendant

20   Maness fails, because (1) defendant Maness's failure to respond to grievance appeals does not

21   rise to the level of a constitutional violation; and (2) plaintiff fails to attribute to defendant

22   Maness a policy which is alleged to have caused plaintiff's injuries.  See Doc. No. 13-1 at 12.

23   Defendants also argue that plaintiff's claims regarding his medical treatment

24   which arose before December 1, 2009 are barred by the two-year statute of limitations.  See Doc.

25   No. 13-1 at 12-13.

26   Plaintiff opposes the motion to dismiss.  He argues that the claims he presented to

4

1    the state court are not barred by res judicata, because he seeks damages in this court, something

2    he was not permitted to do on his habeas application.  See Doc. No. 20 at 2.

3            As to the supervisory liability claims, plaintiff alleges that defendant Maness,

4    among others, failed to follow Policy Number 1437a, which plaintiff states had been in place for

5    a year before plaintiff filed his habeas petition.  See Doc. No. 20 at 4.  Plaintiff further argues

6    that his Eighth Amendment claims regarding the treatment of hepatitis C and cirrhosis are not

7    time-barred, because his statute of limitations did not begin to run until he became aware of his

8    injuries in March 2011.  See id. at 6.

9            Plaintiff agrees that his retaliation claim against defendant Mullin should be

10    dismissed.  See Doc. No. 20 at 4.

11            *Analysis*

12            In considering a motion to dismiss, the court must accept as true the allegations of

13    the complaint in question.  See Hospital Bldg. Co. v. Trustees of Rex Hosp., 425 U.S. 738, 740

14    (1976).  The court must also construe the pleading in the light most favorable to the party

15    opposing the motion and resolve all doubts in the pleader's favor.  See Jenkins v. McKeithen,

16    395 U.S. 411, 421 (1969).  A motion to dismiss for failure to state a claim should not be granted

17    unless it appears beyond doubt that plaintiff can prove no set of facts in support of the claim that

18    would entitle the plaintiff to relief.  See Hishon v. King & Spalding, 467 U.S. 69, 73 (1984);

19    Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981).

20            Count One

21            Plaintiff's claims involving the provision of diabetic biscuits are barred because

22    he previously litigated these claims in his state court habeas petition.  Res judicata and collateral

23    estoppel are related doctrines designed to limit a litigant's ability to relitigate matters.  Under the

24    doctrine of res judicata (also known as the claim preclusion doctrine),

25            a final judgment on the merits of an action precludes the parties or their
        privies from relitigating issues that were or could have been raised in that
26        action....Under collateral estoppel [also known as the issue preclusion

5

1    doctrine], once a court has decided an issue of fact or law necessary to its judgment, that decision may preclude relitigation of the issue in a suit on a difference cause of action involving a party to the first case.

2

3  Allen v. McCurry, 449 U.S. 90, 94 (1980).

4

5       The Federal Full Faith and Credit Statute, 28 U.S.C. § 1738, requires that a

6  federal court give to a state court judgment the same preclusive effect as would be given that

7  judgment under the law of the state in which the judgment was rendered.  See Migra v. Warren

8  City School Dist. Bd. of Educ., 465 U.S. 75, 81 (1984).  In California, a final judgment in state

9  court "'precludes further proceedings if they are based on the same cause of action.'" Brodheim

10  v. Cry, 584 F.3d 1262, 1268 (9th Cir. 2009), quoting Maldonado v. Harris, 370 F.3d 945, 951

11  (9th Cir. 2004).  Under California's "primary rights theory," a "cause of action is (1) a primary

12  right possessed by the plaintiff, (2) a corresponding primary duty devolving upon the defendants,

13  and (3) a harm done by the defendant which consists in a breach of such primary right and

14  duty.'"  Brodheim, 584 F.3d at 1268 (citation omitted).  If this cause of action test is satisfied,

15  then the same primary right is at stake even if in the later suit the plaintiff pleads difference

16  theories of recovery, seeks different forms of relief, and/or adds new facts supporting recovery.

17  Id.

18       Under California law, for example, the unavailability of damages in a state habeas

19  proceeding does not prevent the application of res judicata to a subsequent action seeking

20  damages.  See, e.g., City of Los Angeles v. Superior Court, 85 Cal.App.3d 143, 151 (Cal.Ct.

21  App. 1978) ("[A] litigant cannot avoid the impact of the rule against splitting cases by choosing

22  for his first foray a tribunal of limited jurisdiction."); Kronkright v. Gardner, 31 Cal.App.3d 214,

23  216 (Cal. Ct. App. 1973) (that plaintiff sought different relief in second action was irrelevant).

24       "[B]ecause of the nature of a state habeas proceeding, a decision actually

25  rendered should preclude an identical issue from being relitigated in a subsequent § 1983 action

26  if the state habeas court afforded a full and fair opportunity for the issue to be heard and

1  determined under federal standards." <u>Silverton v. Dept. of the Treasury</u>, 644 F.2d 1341, 1347

2  (9th Cir.), <u>cert</u>. <u>denied</u>, 454 U.S. 895 (1981).  Where the federal court is considering the

3  preclusive effect of a state court judgment under § 1738, "state proceedings need do no more

4  than satisfy the minimum procedural requirements of the Fourteenth Amendment's Due Process

5  Clause in order to qualify for the full faith and credit guaranteed by federal law." <u>Kremer v.</u>

6  <u>Chemical Constr. Corp.</u>, 456 U.S. 461, 481 (1982).

7          In this case, plaintiff has articulated a "cause of action" identical to that raised in

8  his prior state case. Specifically, he seeks relief in connection with the failure of Sacramento

9  County Jail staff to provide him with his prescribed diabetic biscuits between December 31,

10  2010 through June 19, 2011, which is precisely the same claim he raised before the Superior

11  Court in his state habeas petition. <u>Cf.</u> Doc. No. 1 at 5:17-18 with Doc. No. 13-2 at 10.  This

12  identity satisfies California's "primary rights" test, as plaintiff alleges that defendants have

13  harmed plaintiff by showing deliberate indifference to plaintiff's medical needs. <u>Cf.</u> Doc. No. 1

14  at 4 with Doc. No. 13-2 at 7-8.

15          The judgment entered by the state court was also a final adjudication on the

16  merits, under California law.  <u>See</u> <u>Tudor Ranches, Inc. v. State Comp. Ins. Fund</u>, 65 Cal.App.4th

17  1422, 1430 (1998) (dismissal which failed to specify whether it was with or without prejudice

18  should be deemed to be with prejudice absent a contrary contention by plaintiff); <u>Torrey Pines</u>

19  <u>Bank v. Superior Court</u>, 216 Cal.App.3d 813, 821-22 (1989) (litigant's voluntary dismissal of

20  prior suit with prejudice operated as final judgment on the merits barring any future action on the

21  same subject matter).  <u>See</u> <u>also</u> Cal. Code Civ. Proc. Sec. 581(e) (after commencement of trial,

22  court shall dismiss the complaint, with prejudice, if plaintiff requests a dismissal, unless all

23  affected parties consent to dismissal without prejudice, or by order of court dismissing the action

24  without prejudice upon a showing of good cause).

25          The state proceedings also offered plaintiff a full and fair opportunity for

26  plaintiff's deliberate indifference claim to be heard and determined, meaning that the state

1    court's decision is entitled to full faith and credit under § 1738.  <u>See</u> <u>Kremer v. Chemical Const.</u>

2    <u>Corp.</u>, 456 U.S. at 481.  Petitioner does not challenge the sufficiency of  the state court's

3    procedures in adjudicating his habeas petition.  Review of the record reflects that the state court

4    appointed counsel for plaintiff, ordered the state defendants to respond, and scheduled an

5    evidentiary hearing.  <u>See</u> Doc. No. 13-2 at 14-15.  The record further reflects that, at the

6    evidentiary hearing, plaintiff requested dismissal, and that the Superior Court granted plaintiff's

7    request.  <u>Id.</u>  The state court's procedures were entirely sufficient under the Fourteenth

8    Amendment.  <u>Cf.</u> <u>Superintendent, Massachusetts Correctional Institution, Walpole v. Hill</u>, 472

9    U.S. 445, 454 (1985).

10         The only difference plaintiff identifies between his earlier state court action and

11    the current complaint is that he now seeks damages.  <u>See</u> Doc. No. 1 at 4; Doc. No. 20 at 2.

12    Under California law, however, this alteration in his requested relief is insufficient to prevent the

13    application of res judicata.  <u>See</u> <u>City of Los Angeles v. Superior Court</u>, 85 Cal.App.3d at 151.

14    Plaintiff's Eighth Amendment claims concerning the provision of his diabetic biscuits therefore

15    should be dismissed.

16         Plaintiff's First Amendment claims against defendant Mullins should also be

17    dismissed, as plaintiff has agreed to do so.  <u>See</u> Doc. No. 20 at 4.  Even had plaintiff not agreed,

18    it appears that the claim would also be barred by res judicata as plaintiff had previously raised it

19    in his state habeas petition.  <u>See</u> Doc. No. 13-2 at 10.

20         Accordingly, the undersigned recommends that the court grant defendants'

21    motion to dismiss as to Count One.  Since any amendment would be futile, in light of the res

22    judicata bar, the dismissal of these claims should be without leave to amend.  <u>See</u>, <u>e.g.</u>,

23    <u>California Architectural Bldg. Prod. v. Franciscan Ceramics</u>, 818 F.2d 1466, 1472 (9th Cir.

24    1988) (reasons for denying leave to amend include futility).

25         <u>Count Two</u>

26         *Statute of Limitations*

1    The parties argue whether plaintiff's claims are barred by the statute of

2 limitations, which the defendants assert is two years from the date of the injury.  See Doc. No.

3 13-1 at 12, citing Cal. Code Civ. Proc § 335.1.  Plaintiff does not dispute that the limitations

4 period is two years, but argues that it did not begin to run until he became aware of his injuries in

5 March 2011.  See Doc. No. 20 at 6.

6    "Actions brought pursuant to 42 U.S.C. § 1983 are governed by the state statutes

7 of limitations for personal injury actions."  Morales v. City of Los Angeles, 214 F.3d 1151, 1154

8 (9th Cir. 2000), citing Wilson v. Garcia, 471 U.S. 261, 275 (1985); Fink v. Shedler, 192 F.3d

9 911, 914 (9th Cir.1999), cert. denied, 529 U.S. 1117 (2000).  In California, there is a two-year

10 statute of limitations in § 1983 cases.  See Cal. Civ. Proc. Code § 335.1; Maldonado v. Harris,

11 370 F.3d 945, 954 (9th Cir. 2004); Jones v. Blanas, 393 F.3d 918, 927 (9th Cir. 2004)("[f]or

12 actions under 42 U.S.C. § 1983, courts apply the forum state's statute of limitations for personal

13 injury actions.").

14    Plaintiff may be entitled to tolling of the statute of limitations if, at the time the

15 cause of action accrued, he was imprisoned on a criminal charge, or in execution under the

16 sentence of a criminal court for a term not less than life.  See Cal. Code Civ. Proc. § 352.1.

17    The current record does not reflect the length of plaintiff's sentence, although a

18 review of the state habeas petition reflects that plaintiff was awaiting trial at the time he filed that

19 petition.  See Doc. No. 13-2 at 6.  Because neither party addresses the impact of the state's

20 tolling provision on the accrual of plaintiff's claim, the undersigned cannot determine whether

21 plaintiff's claims are untimely.  Defendants' motion to dismiss Count Two as barred by the

22 statute of limitations should be denied.

23    *Sufficiency of the Allegations*

24    Although Count Two may be timely, as presently pled it is not colorable.  A claim

25 is legally frivolous when it lacks an arguable basis either in law or in fact.  Neitzke v. Williams,

26 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  The

1    court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless

2    legal theory or where the factual contentions are clearly baseless.  Neitzke, 490 U.S. at 327.  The

3    critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable

4    legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745

5    F.2d at 1227.

6              A complaint must contain more than a "formulaic recitation of the elements of a

7    cause of action;" it must contain factual allegations sufficient to "raise a right to relief above the

8    speculative level."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007).  "The pleading

9    must contain something more . . . than . . . a statement of facts that merely creates a suspicion

10   [of] a legally cognizable right of action."  Id., quoting 5 C. Wright & A. Miller, Federal Practice

11   and Procedure 1216, pp. 235-235 (3d ed. 2004).   "[A] complaint must contain sufficient factual

12   matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft v. Iqbal,

13   556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570).  "A claim has facial plausibility

14   when the plaintiff pleads factual content that allows the court to draw the reasonable inference

15   that the defendant is liable for the misconduct alleged."  Id.

16             In reviewing a complaint under this standard, the court must accept as true the

17   allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S.

18   738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all

19   doubts in the plaintiff's favor.  Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

20             Affirmative Action or Omission by Defendant

21             The Civil Rights Act under which this action was filed provides as follows:

22             Every person who, under color of [state law] . . . subjects, or
             causes to be subjected, any citizen of the United States . . . to the
23             deprivation of any rights, privileges, or immunities secured by the
             Constitution . . . shall be liable to the party injured in an action at
24             law, suit in equity, or other proper proceeding for redress.

25   42 U.S.C. § 1983.  The statute requires that there be an actual connection or link between the

26   actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  See,

10

1   e.g., Starr v. Baca, 652 F.3d 1202, 1205-06 (9th Cir. 2011).  "A person 'subjects' another to the

2   deprivation of a constitutional right, within the meaning of  § 1983, if he does an affirmative act,

3   participates in another's affirmative acts or omits to perform an act which he is legally required

4   to do that causes the deprivation of which complaint is made."  Johnson v. Duffy, 588 F.2d 740,

5   743 (9th Cir. 1978).

6                    Supervisory Liability

7                    Supervisory personnel are generally not liable under § 1983 for the actions of

8   their employees under a theory of respondeat superior .  Therefore, when a named defendant

9   holds a supervisorial position, the causal link between him and the claimed constitutional

10  violation must be specifically alleged.  See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979);

11  Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978), cert. denied, 442 U.S. 941 (1979).  Vague

12  and conclusory allegations concerning the involvement of official personnel in civil rights

13  violations are not sufficient.  See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

14                   The Ninth Circuit has held that a supervisor may be liable

15                          if there exists either (1) his or her personal involvement in the
                            constitutional deprivation, or (2) a sufficient causal connection between
16                          the supervisor's wrongful conduct and the constitutional violations.
                            Supervisory liability exists even without overt personal participation in the
17                          offensive act if supervisory officials implement a policy so deficient that
                            the policy "itself is a repudiation of constitutional rights" and is "the
18                          moving force of the constitutional violation."  (internal citations and
                            quotations omitted).
19
    Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989).
20
21                   The Ninth Circuit has recently clarified the parameters of supervisor liability in

     the wake of Ashcroft v. Iqbal, 556 U.S. 662 (2009) and Starr v. Baca, 652 F.3d 1202 (9th Cir.
22
     2011), cert.. denied, __ U.S. __, 132 S.Ct. 2101 (2012):
23
24                          Iqbal makes crystal clear that constitutional tort claims against supervisory
                            defendants turn on the requirements of the particular claim – and, more
25                          specifically, on the state of mind required by the particular claim – not on
                            a generally applicable concept of supervisory liability....[B]ecause Eighth
26                          Amendment claims for cruel and unusual punishment generally require
                            only deliberate indifference (not specific intent), a Sheriff is liable for

                                                    11

1    prisoner abuse perpetrated by his subordinates if he knowingly turns a
     blind eye to the abuse.  See [Starr v. Baca, 652 F.3d] at 1205.  The Sheriff
2    need not act with the purpose that the prisoner be abused.  See id. at 1206-
     07 ("A showing that a supervisor acted, or failed to act, in a manner that
3    was deliberately indifferent to an inmate's Eighth Amendment rights is
     sufficient to demonstrate the involvement – and the liability – of that
4    supervisor.")  Put simply, constitutional tort liability after Iqbal depends
     primarily on the requisite mental state for the violation alleged.

5

6    OSU Student Alliance v. Ray, 699 F.3d 1053, 1071 (9th Cir. 2012).

7                    Deliberate Indifference to Medical Needs

8            A review of the record reflects that plaintiff was a pre-trial detainee at

9    Sacramento County Jail in 2010 and 2011.  See Doc. No. 13-2 at 6.  A review of the docket for

10   plaintiff's state criminal case, No. 09-F-00482, of which this court may take judicial notice,

11   reflects that an information was filed against plaintiff on January 15, 2009, and that he was

12   ultimately convicted by a jury on January 31, 2012.  See People v. Shields, Case No. 09-F-00482

13   (Sacramento Superior Court filed Jan. 15, 2009) (available at https://services.saccourt.ca.gov/

14   indexsearchnew/CaseNumberList.aspx?SearchValues=SHIELDS,PAUL,ANDREW,4061464,

15   last accessed on January 3, 2013).

16           Persons who have been arrested, but not convicted of a crime, derive their rights

17   from the due process clause of the Fourteenth Amendment, rather than the Eighth Amendment's

18   prohibition against cruel and unusual punishment.  See Gibson v. County of Washoe, Nev., 290

19   F.3d 1175, 1187 (9th Cir. 2002), cert. denied, 537 U.S. 1106 (2003).  With regard to medical

20   needs, the due process clause imposes, at a minimum, the same duty that the Eighth Amendment

21   imposes: persons in custody have the established right not to have officials remain deliberately

22   indifference to their serious medical needs.  Id.

23           In order to state a § 1983 claim for violation of the Eighth Amendment based on

24   inadequate medical care, plaintiff must allege "acts or omissions sufficiently harmful to evidence

25   deliberate indifference to serious medical needs."  Estelle v. Gamble, 429 U.S. 97, 106 (1976).

26   To prevail, plaintiff must show both that his medical needs were objectively serious, and that

1   defendants possessed a sufficiently culpable state of mind.  Wilson v. Seiter, 501 U.S. 294, 299

2   (1991); McKinney v. Anderson, 959 F.2d 853, 854 (9th Cir. 1992) (on remand).  The requisite

3   state of mind for a medical claim is "deliberate indifference."  Hudson v. McMillian, 503 U.S. 1,

4   4 (1992).

5           A serious medical need exists if the failure to treat a prisoner's condition could

6   result in further significant injury or the unnecessary and wanton infliction of pain.  Indications

7   that a prisoner has a serious need for medical treatment are the following:  the existence of an

8   injury that a reasonable doctor or patient would find important and worthy of comment or

9   treatment; the presence of a medical condition that significantly affects an individual's daily

10  activities; or the existence of chronic and substantial pain.  See, e.g., Wood v. Housewright, 900

11  F.2d 1332, 1337-41 (9th Cir. 1990) (citing cases); Hunt v. Dental Dept., 865 F.2d 198, 200-01

12  (9th Cir. 1989).  McGuckin v. Smith, 974 F.2d 1050, 1059-60 (9th Cir. 1992), overruled on other

13  grounds, WMX Technologies v. Miller, 104 F.3d 1133 (9th Cir. 1997) (en banc).

14          In Farmer v. Brennan, 511 U.S. 825 (1994) the Supreme Court  defined a very

15  strict standard which a plaintiff must meet in order to establish "deliberate indifference."

16  Negligence is insufficient.  Farmer, 511 U.S. at 835.  Even civil recklessness (failure to act in the

17  face of an unjustifiably high risk of harm which is so obvious that it should be known) is

18  insufficient.  Id. at 836-37.  Neither is it sufficient that a reasonable person would have known of

19  the risk or that a defendant should have known of the risk.  Id. at 842.  Deliberate indifference is

20  established only where the defendant subjectively "knows of and disregards an excessive risk to

21  inmate health and safety."  Toguchi v. Chung, 391 F.3d 1051, 1057 (9th Cir. 2004) (internal

22  citation omitted)

23          Delay of treatment, without more, is also insufficient to establish deliberate

24  indifference.  See Shapley v. Nevada Bd. Of State Prison Com'rs, 766 F.2d 404, 407 (9th Cir.

25  1985).  A plaintiff must establish that the denial or delay was harmful.  Id.  Also, requiring a

26  prisoner to pay for medical treatment is not deliberate indifference if the requirement does not

13

1   interfere with getting the treatment.  Id. at 408.  On the other hand, budgetary constraints do not

2   justify cruel and unusual punishment.  See Jones v. Johnson, 781 F.2d 769, 771 (9th Cir. 1986).

3                  Plaintiff Has Failed to Link Defendants with an Affirmative Duty to Act

4                  Plaintiff alleges denial of treatment or mistreatment by unnamed defendants, such

5   as the doctor who lied to him about his condition and the nurse who gave him a laxative.  See

6   Doc. No. 1 at 9.  The claims against these unnamed defendants must be dismissed with leave to

7   amend, as the court cannot proceed where there is no named defendant to serve or to respond.

8                  Plaintiff additionally alleges that defendant Maness was aware of plaintiff's

9   conditions, through the jail's grievance procedure, and that defendant Maness failed to

10  implement policies and procedures to treat plaintiff's condition.  See Doc. No. 1 at 10.  Plaintiff

11  also alleges that defendant Manness failed to take action on plaintiff's grievance, and has failed

12  to respond.  Id.  These allegations may support colorable claims; however, plaintiff does not

13  explain how it was defendant Maness's responsibility either to implement policies and

14  procedures, or to respond to plaintiff's grievances.  Absent such information, the plaintiff has

15  failed to state a colorable claim against defendant Maness.

16                 Plaintiff's claims against defendant Cannon are also currently insufficient to

17  support relief.  Plaintiff alleges that defendant Cannon advised plaintiff, in a grievance response,

18  that the county did not treat hepatitis C, and that plaintiff would be required to cover the costs of

19  an outside provider.  See Doc. No. 1 at 9.  Denying plaintiff treatment, or requiring plaintiff to

20  pay for treatment, may support a colorable claim; however, the court cannot determine if Cannon

21  merely advised plaintiff of an existing policy, or if Cannon herself was responsible for the

22  determination not to treat plaintiff and to charge him for outside coverage.  Moreover, plaintiff

23  has not specified what "treatment" is at issue.  See Doc. No. 20 at 35.  Absent information about

24  the scope of defendant Cannon's responsibility and the nature of the treatment that was denied,

25  the plaintiff has failed to state a colorable claim against defendant Cannon.

26                 For all the reasons explained above, the complaint fails to link the named

1   defendants with any affirmative duty to act, and the claims against defendants Maness and

2   Cannon accordingly are vague and conclusory.[2]   The undersigned therefore recommends that

3   Count Two be dismissed, and that plaintiff be given leave to amend that portion of his complaint

4   concerning his treatment, or non-treatment, for hepatitis and chirrosis.

5                      Conclusion

6                      The undersigned accordingly recommends that defendants' motion to dismiss be

7   granted, and that plaintiff be granted leave to amend as specified above.

8                      If the court grants leave to amend, and plaintiff chooses to amend the complaint,

9   plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of

10  plaintiff's constitutional rights.  See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  Also, the

11  complaint must allege in specific terms how each named defendant is involved.  There can be no

12  liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a

13  defendant's actions and the claimed deprivation.  Rizzo v. Goode, 423 U.S. 362 (1976); May v.

14  Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d at 743.  Furthermore,

15  vague and conclusory allegations of official participation in civil rights violations are not

16  sufficient.  See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

17                      In addition, plaintiff is informed that the court cannot refer to a prior pleading in

18  order to make plaintiff's amended complaint complete.  Local Rule 220 requires that an amended

19  complaint be complete in itself without reference to any prior pleading.  This is because, as a

20  general rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375

21  F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original pleading no

22  longer serves any function in the case.  Therefore, in an amended complaint, as in an original

23  complaint, each claim and the involvement of each defendant must be sufficiently alleged.

24                      In accordance with the above, IT IS HEREBY RECOMMENDED that

25  _____

26       [2]  Plaintiff has not named any other responsible individuals in connection with
    deprivation of care for his cirrhosis or hepatitis.

                                                    15

1         1.  Defendants' motion to dismiss, filed March 21, 2012 (Doc. No. 13), be

2  granted; and

3         2.  Plaintiff be granted leave to amend the complaint as to Count Two only, as

4  described above, within twenty-eight (28) days of the filing date of any order adopting these

5  findings and recommendations.

6       These findings and recommendations are submitted to the United States District

7  Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen

8  days after being served with these findings and recommendations, any party may file written

9  objections with the court and serve a copy on all parties.  Such a document should be captioned

10  "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections

11  shall be served and filed within twenty-eight (28) days after service of the objections.  The

12  parties are advised that failure to file objections within the specified time may waive the right to

13  appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

14  DATED: January 11, 2013.

15

16                         ALLISON CLAIRE
                             UNITED STATES MAGISTRATE JUDGE

17

18  AC:rb
    shie3185.fr

19

20

21

22

23

24

25

26