IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

PAUL A. SHIELDS,

    Plaintiff,                        Case No. 2:11-cv-3185 JAM AC P

    vs.

KELLY L. CANNON, et al.,

    Defendants.

_____/ ORDER

    Plaintiff is a state prisoner who proceeds pro se and in forma pauperis in this action filed pursuant to 42 U.S.C. § 1983. On March 18, 2013, the district judge adopted the undersigned's findings and recommendations filed January 14, 2013, granting defendants' motion to dismiss, and giving plaintiff leave to amend his complaint.

    Before the court are several motions from plaintiff: (1) motion to appoint counsel (ECF No. 30); (2) motion to amend the complaint (ECF No. 31); and (3) request for clarification (ECF No. 40). Plaintiff has also filed his first amended complaint (ECF No. 32), and defendants have filed a motion to dismiss the amended complaint (ECF No. 41).

    In his motion for clarification, plaintiff advises the court that he filed his motion to amend, along with his amended complaint, after entry of the undersigned's findings and

1

recommendations, but before these were adopted by the district judge. <u>See</u> ECF No. 40 at 1. He asks if he is required to file another motion to amend.

Plaintiff's motion for clarification is granted as follows: the district judge's order granting plaintiff leave to amend his complaint made plaintiff's motion to amend moot, and the action now proceeds on the first amended complaint filed by plaintiff on February 11, 2013. Defendants have now moved to dismiss the amended complaint, and plaintiff is required to respond to defendants' motion - either by objection or by notice of non-objection - within the time frame set out in the local rules. In light of plaintiff's need for clarification, however, the court will extend plaintiff's response period for 60 days from the filing date of this order.

Plaintiff has also requested the appointment of counsel – specifically, he requests that Mary Alexander, Esq. be appointed. <u>See</u> ECF No. 30 at 2. The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. <u>Mallard v. United States Dist. Court</u>, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). <u>Terrell v. Brewer</u>, 935 F.2d 1015, 1017 (9th Cir. 1991); <u>Wood v. Housewright</u>, 900 F.2d 1332, 1335-36 (9th Cir. 1990).

In the present case, the court does not find the required exceptional circumstances. Plaintiff has been able to articulate his claims, and any difficulty plaintiff currently claims, such as the need to conduct discovery, is not derived from the complexity of the issues involved. <u>See</u> <u>Wilborn v. Escalderon</u>, 789 F.2d 1328, 1331 (9th Cir. 1986).

Plaintiff argues that he has made repeated efforts to find an attorney, but that policy at Duell Vocational Institution prohibits copying letter to lawyers. ECF No. 30 at 2. It is not clear from plaintiff's statement whether prison policy is prohibiting him from communicating with attorneys; however, the court notes that plaintiff is no longer housed at Duell, and is instead currently housed at Mule Creek State Prison, whose policy plaintiff does not disclose. It is also unclear from plaintiff's motion if Ms. Alexander consents to be plaintiff's

1  attorney, and, if she does, how plaintiff has been able to communicate with Ms. Alexander.

2          Accordingly, IT IS HEREBY ORDERED that

3          1. Plaintiff's motion for clarification (ECF No. 40) is granted, as described

4  above;

5          2. Plaintiff's response to defendants' motion to dismiss (ECF No. 41) shall be

6  filed with the court within 60 days of the filing date of this order;

7          3. Plaintiff's motion to amend the complaint (ECF No. 31) is denied as moot, in

8  light of the court's March 18, 2013 order; and

9          4. Plaintiff's motion for appointment of counsel (ECF No. 30) is denied.

10 DATED: April 12, 2013.

                    /s/ Allison Claire
                    ALLISON CLAIRE
                    UNITED STATES MAGISTRATE JUDGE

ac:rb
shie3185.31

3