UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL ANDREW SHIELDS,<br><br>        Plaintiff,<br><br>   v.<br><br>KELLY L. CANNON, et al.,<br><br>        Defendants. | No.  2:11-cv-3185 JAM AC P<br><br>FINDINGS AND RECOMMENDATIONS |

　　　　Plaintiff, a state prisoner proceeding pro se and in forma pauperis, seeks relief pursuant to 42 U.S.C. § 1983.  Following the court's orders of March 18, 2013 and April 15, 2013, plaintiff proceeds on the amended complaint filed February 11, 2013 with claims against defendants Cannon, Jones, Maness and Padilla "concerning his treatment, or non-treatment, for hepatitis and cirrhosis."  See ECF No. 38 at 2; ECF No. 42 at 3.

　　　　Defendants Cannon, Jones, Maness, and Padilla move to dismiss the amended complaint pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim.  ECF No. 41.  Plaintiff opposes the motion and defendants have replied.  ECF Nos. 43, 44.

   ***Allegations in the Amended Complaint***

　　　　At all times relevant, plaintiff was incarcerated at the Sacramento County Main Jail and defendants were employees of Sacramento County.  ECF No. 32 at ¶ 5−9.

////

1

In 2002, plaintiff was diagnosed with Hepatitis C.  ECF No. 32 at ¶ 4.  On April 11, 2005, a liver biopsy revealed that he had developed "cirrhosis of the liver with stage (4) fibrous[.]"  Id. at ¶ 11.  On September 18, 2006, while incarcerated, plaintiff was seen by Dr. Lopin.  Id. at ¶ 13.  Dr. Lopin wrote the following for plaintiff's assessment/plan:

> 1. Cirrhosis.  Continued monitoring.
>
> 2. Hepatitis C virus positive, hepatitis B virus positive.  Stage IV liver disease.  The patient was seen by infectious disease on 6/26/2006, and therapy was recommended for the hepatitis if the patient could achieve better control of his diabetes; i.e., bringing the A1C to approximately 6.5.
>
> 3. Diabetes mellitus, fair to poor control secondary to compliance issues.  The patient takes insulin NPH 12 unties b.i.d. and regular 6 unites b.i.d.  He has only been receiving his evening dose on a regular basis.  The morning dose he receives 3 days a week, Fridays, Saturdays, and Sundays, because he does not work.  His work schedule Monday through Thursday is interfering with his receiving medications in the morning on those days.  The patient states that, early in the mornings, the drugs are not available, and he needs to get to work.  At this time, the patient is going to wait at the recommendation of this doctor and others who have preceded me until the medication is available.  Ideally, this patient will comply fully with the insulin regimen, bring the A1C down, and then we can proceed to therapy for his hepatitis.

Id. at ¶ 13 & Ex. D.

On or about January 20, 2009, plaintiff arrived at the Sacramento County Main Jail.  ECF No. 32 at 12.  He immediately notified medical staff of his medical issues and requested treatment.  Id.

On March 1, 2011, plaintiff submitted a health care service request for treatment of his hepatitis C, stating that he had severe abdominal pain and diarrhea.  Id. at ¶ 14.  On June 27, 2011, he filed a grievance stating that he had been trying to get treatment for Hepatitis C since he arrived at the jail but that his requests had been ignored.  Id. at ¶ 15.  On August 16, 2011, he filed a second grievance requesting medical treatment.  Id. at ¶ 16 & Ex. H.

On September 2, 2011, defendant Cannon, the Patient Grievance Coordinator for Correctional Health Services, SSD, responded to plaintiff's grievances, advising him that "Correctional Health does not treat Hepatitis C.  You were being treated for your Cirrhosis; on

1 7/30/11 you refused the Lactulose and requested that it be discontinued.  If you want start back on
2 the Lactulose [sic], you will need to sign up for Nurse sick call and request it." Id. at ¶ 17 & Ex.
3 H.

4       On September 13, 2001, plaintiff filed an appeal directed to defendant Maness, the
5 division commander, to express dissatisfaction with Cannon's response.  ECF No. 32 at ¶ 18.
6 Defendant Maness did not respond.  Id.  Instead, plaintiff received another response from
7 defendant Cannon, stating in relevant part that defendants Cannon and Padilla, the Medical
8 Director, had reviewed plaintiff's medical records and that plaintiff's request for treatment would
9 be denied because "CHS does not treat Hepatitis C and does not have a specific contract with any
10 provider to treat our Hepatitis patients." Id. at ¶ 19 & Ex. J.  Plaintiff was advised of the option to
11 secure treatment with an outside physician at his own expense.  Id.

12       Due to not receiving medical treatment for cirrhosis and hepatitis C, plaintiff suffered
13 severe abdominal pain, liver pain, diarrhea, fatty liver, and increased risk of premature death.  Id.
14 at ¶¶ 19−20, 22, 27, 30.  He seeks damages and states that defendants are sued in both their
15 individual and official capacities.  Id. at ¶¶ 6−9, 32.

16       *Rule 12(b)(6) Standard*

17       The purpose of a motion to dismiss pursuant to under Rule 12(b)(6) is to test the legal
18 sufficiency of the complaint. N. Star Int'l v. Ariz. Corp. Comm'n, 720 F.2d 578, 581 (9th Cir.
19 1983).  "Dismissal can be based on the lack of a cognizable legal theory or the absence of
20 sufficient facts alleged under a cognizable legal theory." Balistreri v. Pacifica Police Dep't, 91
21 F.2d 696, 699 (9th Cir. 1990).  A plaintiff is required to allege "enough facts to state a claim to
22 relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007); see
23 also Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  However, "[s]pecific facts are not necessary;
24 the statement [of facts] need only give the defendant fair notice of what the… claim is and the
25 grounds upon which it rests." Erickson v. Pardus, 551 U.S. 89, 93 (2007) (quoting Twombly, 550
26 U.S. at 555).  Pro se pleadings are held to a less stringent standard than those drafted by lawyers.
27 See Erickson, 551 U.S. at 94.
28 ////

In considering a motion to dismiss under Fed. R. Civ. P. 12(b)(6), the court may consider "allegations contained in the pleadings, exhibits attached to the complaint, and matters properly subject to judicial notice." Outdoor Media Grp., Inc. v. City of Beaumont, 506 F.3d 895, 899-900 (9th Cir. 2007). The court accepts as true the allegations in the complaint and construe the pleading in the light most favorable to the plaintiff. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Love v. United States, 915 F.2d 1242, 1245 (9th Cir. 1989). However, the court need not accept as true conclusory allegations, unreasonable inferences, or unwarranted deductions of fact. Western Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981). A motion to dismiss for failure to state a claim should not be granted unless it appears beyond doubt that plaintiff can prove no set of facts in support of the claim that would entitle him to relief. See Hishon, 467 U.S. at 73 (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); see also Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981).

### *Analysis of the Motion to Dismiss*

A review of the record reflects that plaintiff was a pre-trial detainee at Sacramento County Jail in 2010 and 2011. See ECF No. 13-2 at 6. The docket for plaintiff's state criminal case number 09-F-00482, of which this court may take judicial notice, reflects that an information was filed against plaintiff on January 15, 2009, and that he was convicted by a jury on January 31, 2012. See People v. Shields, Case No. 09-F-00482 (Sacramento Superior Court filed Jan. 15, 2009) (available at https://services.saccourt.ca.gov/indexsearchnew/CaseNumberList.aspx?SearchValues=SHIELDS,PAUL,ANDREW,4061464, last accessed on September 16, 2013).

Persons who have been arrested, but not convicted of a crime, derive their rights from the due process clause of the Fourteenth Amendment, rather than from the Eighth Amendment's prohibition against cruel and unusual punishment. See Gibson v. County of Washoe, Nev., 290 F.3d 1175, 1187 (9th Cir. 2002), cert. denied, 537 U.S. 1106 (2003). Due process imposes, at a minimum, the same protections that the Eighth Amendment imposes: persons in custody have the established right not to have officials be deliberately indifferent to their serious medical needs. Id. Comparable standards apply, with Fourteenth Amendment analysis borrowing from Eighth

Amendment standards. <u>Frost v. Agnos</u>, 152 F.3d 1124, 1128 (9th Cir. 1998); <u>Redman v. County of San Diego</u>, 942 F.2d 1435, 1440-41 & n.7 (9th Cir. 1991) (discussing pre-trial detainees); <u>Carnell v. Grimm</u>, 74 F.3d 977, 979 (9th Cir. 1996) ("[D]ue process rights are at least as great as the Eighth Amendment protections available to a convicted prisoner."). Thus, although plaintiff's rights are governed by the Fourteenth Amendment, the court may refer to the Eighth Amendment standard as a base reference for the minimal protections due.

Inmates can establish an Eighth Amendment violation with respect to medical care if they can prove there has been deliberate indifference to their serious medical needs. <u>Estelle v. Gamble</u>, 429 U.S. 97, 104 (1976). Two requirements must be met: (1) the deprivation must be, objectively, sufficiently serious; and (2) the prison official must be, subjectively, deliberately indifferent to inmate health or safety. <u>Id.</u> at 834.

A serious medical need exists if the failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain. <u>Jett v. Penner</u>, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting <u>McGuckin v. Smith</u>, 974 F.2d 1050, 1059 (9th Cir. 1991)). Indications that a prisoner has a serious need for medical treatment are the following: the existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain. See, e.g., <u>Wood v. Housewright</u>, 900 F.2d 1332, 1337-41 (9th Cir. 1990) (citing cases); <u>Hunt v. Dental Dept.</u>, 865 F.2d 198, 200-02 (9th Cir. 1989), <u>McGuckin</u>, 974 F.2d at 1059-60, overruled on other grounds, <u>WMX Technologies v. Miller</u>, 104 F.3d 1133 (9th Cir. 1997) (en banc).

In <u>Farmer v. Brennan</u>, 511 U.S. 825 (1994), the United State Supreme Court defined a very strict standard which plaintiff must meet in order to establish "deliberate indifference." Negligence is insufficient. <u>Farmer</u>, 511 U.S. at 835. Even civil recklessness (failure to act in the face of an unjustifiably high risk of harm which is so obvious that it should be known) is insufficient. <u>Id.</u> at 836−37. Neither is it sufficient that a reasonable person would have known of the risk or that a defendant should have known of the risk. <u>Id.</u> at 842. Deliberate indifference is established only where the defendant subjectively "knows of and disregards an excessive risk to

inmate health and safety." Toguchi v. Chung, 391 F.3d 1051, 1057 (9th Cir. 2004) (internal citation omitted).

In addition, the Civil Rights Act under which this action was brought requires that there be an actual connection or link between the actions of each named defendant and the deprivation alleged to have been suffered by the plaintiff. 42 U.S.C. § 1983; see also Monell v. Dep't of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). The requisite causal connection can also be established by setting in motion a series of acts by others which the actor knows or reasonably should know would cause others to inflict the constitutional injury." Id. at 743−44.

Liability under section 1983 may not be imposed on supervisory personnel under the theory of respondeat superior. Iqbal, 556 U.S. at 676. However, a supervisory official may be held liable if they "participated in or directed the violations, or knew of the violations and failed to act to prevent them." Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989). A supervisor may be liable under section 1983 only if there exists either (1) his or her personal involvement in the constitutional deprivation, or (2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation." Jeffers v. Gomez, 267 F.3d 895, 915 (9th Cir. 2011).

In moving for dismissal under Rule 12(b)(6), defendants assert that plaintiff has failed to state a claim arising out of the alleged denial of treatment of his hepatitis C and cirrhosis of the liver. Defendants argue that plaintiff has not alleged sufficient facts demonstrating that he needed medical treatment or that defendants were aware that he needed medical treatment for his conditions. ECF No. 41 at 5−6. Defendants contend that plaintiff's own exhibits reflect that the only historic treatment for his cirrhosis was "continued monitoring" and that therapy had been recommended for his hepatitis C only if he could achieve better control of his diabetes. Id. at 5. Defendants further contend there are insufficient allegations demonstrating the subjective deliberate indifference of each defendant in regard to the alleged denial of treatment. Id. at 6.

6

First, with respect to the objective element, plaintiff alleges that the denial of medical treatment for cirrhosis and hepatitis C caused him to suffer abdominal pain, liver pain, diarrhea, fatty liver, and the possibility of premature death. He has adequately alleged a sufficiently serious medical need. See Erickson v. Pardus, 551 U.S. 89, 93−94 (2007) (allegation that the denial of hepatitis C treatment resulted in endangerment of the plaintiff's life sufficiently meets the objective requirement for an Eighth Amendment claim based on deliberate indifference to a serious medical need).

Under the subjective element, prison officials are deliberately indifferent to a prisoner's serious medical needs when they "deny, delay or intentionally interfere with medical treatment." Hutchinson v. United States, 838 F.2d 390, 394 (9th Cir.1988). "[T]he official must be both aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Farmer, 511 U.S. at 832, 837 (1994). Inadequate treatment due to medical malpractice, negligence, or even gross negligence, does not rise to the level of a constitutional violation. See Wilson v. Seiter, 501 U.S. 294, 297 (1991) (quoting Estelle, 429 U.S. at 105–06); Toguchi, 391 F.3d at 1060.

A defendant's acts or omissions will not amount to a constitutional violation unless there is reckless disregard of a risk of serious harm to the prisoner. Farmer, 511 U.S. at 836. The inmate must allege that the defendant purposefully ignored or failed to respond to his pain or medical needs; an inadvertent failure to provide adequate care does not constitute a violation. Estelle, 429 U.S. at 105–06. The official must have "know[n] that [the] inmate[ ] face[d] a substantial risk of serious harm and disregard[ed] that risk by failing to take reasonable measures to abate it." Farmer, 511 U.S. at 847.

*Defendant Cannon*

Defendant Cannon is alleged to have been involved in the denial of treatment by responding to and denying plaintiff's inmate appeals regarding treatment for cirrhosis and hepatitis C. Such allegations fail to state a cognizable claim of deliberate indifference. Actions in reviewing and denying grievances do not cause or contribute to a violation. See Ramirez v. Galaza, 334 F.3d 805, 860 (9th Cir. 2003) (citing Mann v. Adams, 855 F.2d 639, 640 (9th Cir.

1988); see also George v. Smith, 507 F.3d 605-609−10 (7th Cir. 2007) ("Ruling against a prisoner on an administrative complaint does not cause or contribute to the violation"); Shehee v. Luttrell, 199 F.3d 295, 300 (6th Cir. 1999) (holding that prison officials whose only roles involved the denial of the prisoner's administrative grievances cannot be held liable under section 1983).

Although an official cannot willfully turn a blind eye to constitutional violations being committed by subordinates, Jett, 439 F.3d at 1098, plaintiff's allegations do not demonstrate nor allow an inference that defendant Cannon failed to act in conscious disregard of a known risk to plaintiff's health or safety. Defendant Cannon reviewed plaintiff's request for treatment and medical file with the Medical Director and responded to plaintiff's appeals. Under the circumstances, defendant Cannon, who was the Patient Grievance Coordinator, was justified in relying on the medical director to determine whether plaintiff was receiving adequate medical care. See Spruill v. Gillis, 372 F.3d 218, 236 (3rd Cir. 2004) ("Absent a reason to believe (or actual knowledge) that prison doctors or their assistants are mistreating (or not treating) a prisoner, a non-medical prison official… will not be chargeable with the Eighth Amendment scienter requirement of deliberate indifference."). Moreover, it cannot be plausibly inferred from any of plaintiff's allegations that defendant Cannon had the authority or opportunity to prevent or correct the alleged denial of medical treatment.

Plaintiff's allegations and exhibits establish only that Cannon advised plaintiff of an existing policy and information in his medical file in response to plaintiff's appeals. It is not plausible that Cannon made the policy under which plaintiff was denied treatment for hepatitis C or that Cannon made any policies or decisions that caused plaintiff to be denied medical treatment for cirrhosis or hepatitis C. Defendant Cannon's actions in reviewing and responding to plaintiff's grievances do not constitute deliberate indifference. For these reasons, the motion to dismiss should be granted as to defendant Cannon.

### *Defendant Maness*

Plaintiff alleges that defendant Maness's failure to respond to the inmate appeal directed to his attention constituted deliberate indifference. ECF No. 32 at ¶ 7. This allegation does not

state a claim. "[T]here is no legitimate claim of entitlement to a grievance procedure[.]" Mann, 855 F.2d at 640.

Even under a liberal construction of plaintiff's allegations, defendant Maness had no personal involvement with the denial of treatment for plaintiff's cirrhosis or hepatitis C. Assuming that Maness received plaintiff's inmate appeal and had knowledge of his requests for medical treatment, there are no facts demonstrating that Maness's failure to act was in conscious disregard of a known serious risk to plaintiff's health and safety. Maness is alleged to be a non-medical prison official. In the appeal directed to Maness's attention, plaintiff informed Maness that he was under the care of medical personnel. ECF No. 32 at 33. Although plaintiff expressed his dissatisfaction with the treatment or lack of treatment he was receiving, his facts do not demonstrate that Maness was, subjectively, deliberately indifferent. Maness was justified in relying on medical personnel to provide plaintiff with constitutionally adequate medical care. See Spruill, 372 F.3d at 236. In addition, it is not reasonably plausible that Maness had the authority or opportunity to prevent or correct the alleged denial of treatment.

Plaintiff alleges that defendant Maness, a correctional captain and the division commander, became responsible for the Eighth Amendment violations of others when he failed to correct those violations. ECF No. 32 at ¶ 18. As set forth above, however, supervisory liability is not imposed under section 1983 under a theory of respondeat superior. See Iqbal, 556 U.S. at 676. Vague and conclusory allegations that Maness "supervises and enforces the policies and procedures affecting the medical care of all inmates" (see ECF No. 32 at ¶ 7) do not suffice to state a claim. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982) (holding that "vague and conclusory allegations of official participation in civil rights violations are not sufficient" to state a claim). For these reasons, the motion to dismiss should be granted as to defendant Maness.

*Defendant Padilla*

Defendant Padilla is alleged to be the Medical Director supervising medical care to inmates, and responsible for ensuring that all inmates receive proper care. ECF No. 32 at 20. Plaintiff alleges that Padilla "refuse[d] to treat the plaintiff" after review of plaintiff's medical file

9

1  in connection with the inmate appeals plaintiff filed.  ECF No. 32 at ¶ 20.  Plaintiff further alleges
2  that Padilla became responsible for the violations of others when he failed to correct those
3  violations in the course of his supervisory responsibilities.  Id.

4      Defendants argue that plaintiff has failed to allege facts demonstrating that treatment for
5  hepatitis C or cirrhosis was medically warranted or feasible in his case.  ECF No. 41 at 5.
6  Further, "[e]xhibit D would imply no treatment was medically called for of his cirrhosis," and that
7  "therapy was recommended [for hepatitis C] *if* the patient could achieve better control of his
8  diabetes."  Id. (emphasis added).  Although a difference in medical opinion or treatment is indeed
9  insufficient to state a deliberate indifference claim, see Toguchi, 391 F.3d at 1060, factual
10  determinations such as whether plaintiff was eligible for hepatitis treatment based on having
11  obtained control of his diabetes and whether treatment for either condition was medically
12  warranted or feasible are not properly made in the context of a Rule 12(b)(6) motion.

13      Defendants assert that plaintiff does not adequately allege that any defendant subjectively
14  understood that treatment was warranted.  ECF No. 41 at 5, n. 2.  However, plaintiff alleged that
15  Padilla, a doctor and the Medical Director, reviewed his request for medical treatment and refused
16  to treat him, and that plaintiff subsequently developed significant injuries from the lack of
17  medical treatment.  From these allegations, one could plausibly infer that Padilla, a doctor who
18  reviewed plaintiff's medical records, understood that treatment was necessary to prevent the
19  alleged injuries.  See Erickson, 551 U.S. at 93 ("Specific facts are not necessary…").  Defendant
20  Padilla has fair notice of what the claim is and the grounds upon which it rests.  See id.  At this
21  stage, it does not appear beyond doubt that plaintiff could prove no set of facts in support of his
22  claim that would entitle him to relief.  For these reasons, the motion to dismiss should be denied
23  as to defendant Padilla.

24      ***Defendant Jones***

25      Plaintiff alleges that defendant Jones implemented the policy to deny treatment for
26  inmates suffering from Hepatitis C in his capacity as the "ultimate authority" as Sheriff and that
27  no policies are made without his knowledge and approval.  Id. at ¶ 21.  These allegations of
28  Jones' participation in the Eighth Amendment violations are too conclusory to state a claim.  See

1   Ivey, 673 F.2d at 268.  The motion to dismiss should be granted as to plaintiff's claim against
2   defendant Jones in his individual capacity.

### *Official Capacity Claims*

4   Plaintiff also asserts claims against defendants in their official capacities.  An "official
5   capacity" lawsuit is simply another way of pleading an action against the employing entity.
6   Monell v. Dept. of Social Services of New York, 436 U.S. 658 (1978).  In order to state such a
7   claim under section 1983, plaintiff must allege sufficient facts plausibly demonstrating that (1) he
8   was deprived of his constitutional rights; (2) the municipality has a policy; (3) the policy amounts
9   to deliberate indifference to plaintiff's constitutional rights; and (4) the policy is the moving force
10  behind the constitutional violation.  City of Canton v. Harris, 489 U.S. 378, 389−91 (1989).

11  Defendants argue that plaintiff's Monell claim fails because his exhibit reflects that
12  defendants responded to plaintiff's inmate appeals advising him that he could opt to find
13  treatment for hepatitis C at his own expense, and thus that there was no denial of treatment, nor a
14  policy of wholesale denial of hepatitis C treatment as plaintiff alleges.  Requiring a prisoner to
15  pay for medical treatment does not constitute deliberate indifference if it does not result in the
16  denial of treatment.  See Shapley v. Nevada Bd. of State Prison Comm'rs, 766 F.2d 404, 407 (9th
17  Cir. 1985) (dismissing claim premised on $3 fee for prison medical visits where the plaintiff did
18  not allege that he was denied medical treatment because of the $3 fee).  Here, however, plaintiff
19  has alleged a denial of treatment as well as a policy not to provide treatment directly, and has thus
20  adequately stated a claim under Monell.  Accordingly, plaintiff should be allowed to proceed on
21  his official capacity claims against defendants Padilla and Jones.

### *Equal Protection*

23  When plaintiff's count two of his original complaint was dismissed, he was given "leave
24  to amend that portion of his complaint concerning his treatment, or non-treatment, for hepatitis
25  and cirrhosis."  See ECF No. 38 at 2; ECF No. 42 at 3.  In his second amended complaint,
26  plaintiff asserted an equal protection claim arising out of the alleged denial of treatment for
27  hepatitis and cirrhosis.  However, plaintiff wishes to withdraw his equal protection claim.  See
28  ECF No. 43 at 14.  Defendants do not object to dismissal of the equal protection claim.  Plaintiff's

11

request should be granted and the equal protection claim dismissed without prejudice.

*Conclusion*

In accordance with the above, IT IS RECOMMENDED that:

1. At plaintiff's request, his equal protection claim should be dismissed without prejudice; and

2. Defendants' motion to dismiss (ECF No. 41) should be granted in part and denied in part as follows: granted as to defendants Cannon and Maness; granted as to plaintiff's claim against defendant Jones in his individual capacity; denied as to plaintiff's claim against defendant Padilla in his individual capacity, and denied as to defendants Padilla and Jones in their official capacity.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty-one days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be filed and served within fourteen days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: September 18, 2013

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

AC:ls//shie3185.57